PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>                 Plaintiff, )<br>)<br>      v.                  )<br>)<br>MISCELLANEOUS FIREARMS AND )<br>ACCESSORIES,              )<br>)<br>                 Defendant.   )| CASE NO. 1:19-mc-1<br><br>JUDGE BENITA Y. PEARSON<br><br><br>**MEMORANDUM OF OPINION AND**<br>**ORDER** [Resolving ECF Nos. 2, 6] |

Before the Court are the Government's motion to dismiss (ECF No. 6) and Claimant's motion to relocate these proceedings from Youngstown to Cleveland, before a different district judge (ECF No. 2).

## I. Background

Claimant Carl Edward Meyer, Jr., has filed a "Notice of Motion and Motion for Return of Property" pursuant to Fed. R. Crim. P. 41(g). ECF No. 1. He explains that, on January 22, 2010, the Federal Bureau of Investigation ("FBI") seized his collection of firearms and related accessories in Sacramento, California. *Id.* at PageID#: 2-4. On January 15, 2016, he wrote to the FBI office in Sacramento, asking for his firearms and accessories to be released to a third party pursuant to *Henderson v. United States*, 135 S. Ct. 1780 (2015), so that they could be liquidated on his behalf. ECF No. 1-6. Claimant could not take possession of the items himself because he is a convicted felon. ECF No. 1-10; *see* 18 U.S.C. § 922(g)(1).

On April 20, 2018, the FBI Legal Forfeiture Unit notified Claimant that it "conditionally"

approved his request.  *Id.*.  The notice explained that his items would be released to a third party on his behalf only on a court order, "if the court is satisfied that the recipient will not give the felon control over the firearms."  *Id.* at PageID#: 66.  The notice instructed Claimant to file a motion in a United States District Court, asking for such an order.  *Id.*  The notice did not indicate the precise legal authority under which such a motion should be filed or in which district such a motion should be filed.

In the ensuing months, Claimant communicated with FBI Assistant General Counsel John C. Allender, requesting that the FBI ship the firearms and accessories to the Cleveland FBI office before he submitted his court filing.  ECF No. 7-1.  Although he "already ha[d] the petition ready for filing in the Eastern District of California" on May 9, 2018, he asked for the items to be moved to Cleveland to facilitate court proceedings and release of property.  (Claimant lives in the Cleveland area.)  *Id.* at PageID#: 94.  He also noted that, due to differing state laws in California and Ohio, the market for the firearms and accessories was more favorable in Cleveland than Sacramento.  *Id.*

On September 27, 2018, Assistant General Counsel Allender agreed to arrange to ship the items from the Sacramento FBI office to the Cleveland FBI office "in advance of any filing you choose to make.  This may simplify the process all the way around."  *Id.* at PageID#: 93.  On December 17, 2018, Allender confirmed that all claimed items had arrived at the FBI office in Cleveland.  *Id.* at PageID#: 90.  He instructed Claimant to "provide a copy of the court order, once obtained, at your earliest convenience so we can facilitate the transfer."  *Id.*

On January 2, 2019, and January 3, 2019, respectively, Claimant filed a motion for return

(1:19mc1)

of property in this Court (ECF No. 1) and a motion to relocate these proceedings to Cleveland before a district judge (ECF No. 2). On February 1, 2019, the Government filed a motion to dismiss on the ground that the Court lacks jurisdiction to address Claimant's motion. ECF No. 6. The Government's motion to dismiss has been fully briefed. *See* ECF Nos. 7, 8.

### II. Law and Analysis

The Government argues that the Court lacks jurisdiction over the subject matter of Claimant's motion for return of property. ECF No. 6.

Fed. R. Crim. P. 41(g) is clear: "The motion [for return of property] must be filed in the district where the property was seized." Claimant's property was seized by the FBI office in Sacramento, in the Eastern District of California. ECF No. 1 at PageID#: 2-3. Regardless of the present location of the firearms and accessories, the property *was seized* in California. The only appropriate venue for Claimant's motion, according to Rule 41(g), is in the Eastern District of California.

The Government asks the Court to dismiss Claimant's motion "for lack of jurisdiction." ECF No. 6 at PageID#: 81. The Court is not persuaded that it lacks jurisdiction over the matter, but it is clear that venue is not properly laid in this district because the claimed items were not seized in this district. *See* Fed. R. Crim. P. 41(g). The Government has timely objected.[1] *See* Fed. R. Civ. P. 12(h).

The matter cannot proceed in this forum. The remaining question is whether the case

---

[1] Despite the imprecision in terms, the Court construes the Government's motion to dismiss as an objection to venue.

(1:19mc1)

should be dismissed, as the Government asks, or transferred to the appropriate venue pursuant to 28 U.S.C. § 1406(a). A court in which venue is improper may, rather than dismiss the case, transfer it to a more appropriate venue if such a transfer is "in the interest of justice." 28 U.S.C. § 1406(a). Even when the objecting party asks only for dismissal, the Court can issue a transfer order *sua sponte*. *See* Cosmichrome, Inc. v. Spectra Chrome, LLC, 504 F. App'x 468, 472 (6th Cir. 2012). The decision whether to dismiss or transfer rests in the Court's sound discretion. *Id.*

"[T]ransfer in and of itself is generally considered to be more in the 'interest of justice' than dismissal and, therefore, doubts should be resolved in favor of preserving the action." *Nation v. United States Government*, 512 F. Supp. 121, 126 (S.D. Ohio 1981). Apart from that presumption, two factors counsel in favor of transfer rather than dismissal in this case. First, Claimant's communications with the FBI Legal Forfeiture Unit seemingly led Claimant reasonably to believe that his motion would be entertained in the Northern District of Ohio. *See* ECF No. 7-1 at PageID#: 90-93 (Proceeding in Ohio "may simplify the process all the way around."). Second, Claimant is apparently on a timeline with the FBI. *See* ECF No. 1-10 at PageID#: 66 ("You have ninety (90) days from the date of this letter to file a motion . . . ."); ECF No. 7-1 at PageID#: 93, 96-97 ("Please consider your deadline to file extended . . . ."). If he fails to file a motion within the given timeline, the FBI says it will deny his claim altogether. ECF No. 1-10 at PageID#: 66. A transfer, rather than dismissal, would ensure that Claimant is not unduly prejudiced by the termination of proceedings in this forum.

### III. Conclusion

The Government's motion to dismiss (ECF No. 6) is denied, but the matter is transferred

4

(1:19mc1)

to the Eastern District of California pursuant to 28 U.S.C. § 1406.  A separate transfer order will issue.

      Claimant's motion to relocate proceedings from Youngstown to Cleveland (ECF No. 2) is denied as moot.

      IT IS SO ORDERED.

| | |
|---|---|
| __February 27, 2019__ | _/s/ Benita Y. Pearson_ |
| Date | Benita Y. Pearson |
| | United States District Judge |